IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-30049 |
| ) | |
| KEVIN GODFREY, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is Defendant Kevin B. Godfrey's Amended Motion for Compassionate Release.

I.

Kevin Godfrey pled guilty to one count of Possession of Heroin with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). He was sentenced on June 20, 2011, to a term of 170 months' imprisonment to be followed by six years of supervised release. The Defendant has remained in custody since June 30, 2010. According to the Bureau of Prisons website, the Defendant's projected release date is December 16, 2022.

1

The Defendant is a 53-year old black man serving his sentence at FCI Greenville in Illinois.  He suffers from hypothyroidism, hypertension, colitis, Crohn's Disease, Inflammatory Liver Disease and Stage 1 Chronic Kidney Disease.  He is a cancer survivor and completed a round of radiation treatment for prostate cancer in 2016, which is currently in remission.  He is also pre-diabetic, with an elevated A1C, which was diagnosed as hypoglycemia.  According to the Defendant's reply, the Defendant's recent lab work showed rising PSA levels which can indicate a return of cancer for a prostate cancer survivor.  These chronic health conditions place the Defendant at an increased risk of contracting and having serious complications, including death, from COVID-19.  *See* www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  The Defendant's combination of conditions enhances that risk.  He states that based on his health conditions coupled with circumstances created by the current pandemic, the Court should exercise its discretion in considering his release to an early period of home confinement.

The COVID-19 situation at FCI Greenville appears to be under better control than it once was.  At FCI Greenville, no inmates and 14 staff members are currently positive for COVID-19, while 734 inmates and 64 staff have recovered.  www.bop.gov/coronavirus (last visited March 14, 2021).  The population at FCI Greenville is 1,179 total inmates so well over half of that number have been positive

for COVID-19 at some point. Greenville reports that 63 inmates and 127 staff have received both vaccine injections and are fully inoculated. *Id*.

The Government acknowledges that the Court has discretion under 18 U.S.C. § 3582(c)(1)(A)(i) to reduce the Defendant's imprisonment but opposes the Defendant's motion, claiming that his record prior to his incarceration and while in custody suggests that he is unlikely to follow CDC recommendations and is a danger to society if released because of his record of violence, theft and dishonesty. The Government also points to the Defendant's extensive criminal history which includes the following convictions: (1) possession of stolen auto; (2) driving on a suspended license (multiple); (3) possession of a controlled substance (heroin); and (4) armed robbery (three 1996 convictions and one 2005 conviction). Because of that criminal history and the current convictions for possession of heroin with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime, the Government contends the Defendant is a danger to the community and his motion should be denied for that reason.

## II.

Under the First Step Act, signed into law on December 21, 2018, defendants may now file motions for compassionate release after first exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the

sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary" or "compelling" reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]." *See* 18 U.S.C. § 3582(c)(1)(A). If properly invoked by the Government, the exhaustion requirement must be enforced. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

The Defendant made an initial request to the Warden of his facility on July 19, 2020, which was denied. Therefore, he has met the statutory exhaustion requirement.

The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the sentencing factors of 18 U.S.C. § 3553(a) when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

Because the Sentencing Guideline policy statement has not been updated since passage of the First Step Act to reflect that defendants (and not only the BOP) may move for compassionate release, there is no "applicable" policy statement concerning the expanded compassionate-release provision. *See United States v.*

*Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)." *Id*. Until U.S.S.G. § 1B1.13 is amended, there is not an "applicable" policy statement for courts to rely on in considering prisoner-initiated applications for compassionate release. *See id*. at 1181.

The Defendant's chronic health conditions along with the existing pandemic do present extraordinary and compelling reasons. Under *Pepper v. United States*, 562 U.S. 476, 490-493 (2011), the Court should consider post-offense developments under § 3553(a). The Defendant's disciplinary record while in prison is very good. He has only one disciplinary incident—being insolent to a BOP staff member in 2012. According to his motion, the Defendant has taken advantage of a full array of educational and vocational programming while incarcerated and has worked with UNICOR since 2013. He also has employment waiting for him upon his release at Hillman's Drug & Alcohol Center.

The Court recognizes that Defendant appears to have made significant progress in the nearly ten years since his sentencing and commends him for doing so. He has certainly improved his chance to succeed upon his release. Moreover, given that the likelihood of recidivism diminishes with age, the Defendant is less likely to commit a serious crime in his early 50s than he was at 40. However, the Court cannot overlook the Defendant's history of serious crimes which includes four

armed robbery convictions. He was on parole for the last of those convictions at the time he committed the offenses in this case. Upon considering the most applicable statutory sentencing factors—the protection of the public and deterrence--the Court concludes that compassionate release is not appropriate as to this Defendant.

The Court further notes that Godfrey receives frequent and high-quality healthcare within the BOP. The number of positive COVID-19 cases at Greenville has decreased and the BOP is making vaccines available to inmates and staff at the earliest opportunity. Because of these factors and because the Defendant's record demonstrates he is a danger to society, the Court is unable to conclude that compassionate release is warranted in this case.

Ergo, the Amended Motion for Compassionate Release of Defendant Kevin L. Godfrey [d/e 43] is DENIED.

The Defendant's Motion to Seal Document [d/e 44] is GRANTED.

The Clerk will terminate the Defendant's Pro Se Motion for Compassionate Release [d/e 38].

ENTER: March 17, 2021

    FOR THE COURT:

                                    /s/ *Richard Mills*
                                    Richard Mills
                                    United States District Judge